**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SELMA DIVISION**

| | | |
|---|---|---|
| **ROBERT GABRIEL, ET AL.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 2:14-cv-358** |
| | ) | |
| **CHARTIS SPECIALTY** | ) | |
| **INSURANCE COMPANY, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF CHARTIS SPECIALTY**
**TO PLAINTIFFS' FIFTH AMENDED COMPLAINT**

Chartis Specialty Insurance Company, pursuant to <u>Federal Rules of Civil</u> <u>Procedure</u> 7, 8 and 12, respectfully submits the following answer and affirmative defenses to Plaintiff's Fifth Amended Complaint ("Complaint").[1]

**ADDITIONAL PARTY DEFENDANT**

1.      Chartis Specialty admits the allegations of Paragraph 1. Other than incorrectly identifying Chartis Specialty in the Complaint, Chartis Specialty admits it is a foreign corporation doing business in Dallas County, Alabama.

---

[1] Chartis Specialty is incorrectly named in the Complaint as AIG Property Casualty Company a/k/a American International Group, Inc., f/k/a Chartis Specialty Insurance Company.

## CAUSE OF ACTION

2.      Chartis Specialty admits it issued Securities Broker/Dealer's Professional Liability Insurance Policy No. 01-880-93-12 to VeriTrust Financial, LLC, the terms of which speak for themselves.  Chartis Specialty denies the remaining allegations of Paragraph 2 and demands strict proof thereof.

3.      Upon information and belief, Chartis Specialty admits that on April 17, 2014, a consent judgment against VeriTrust for $5.1 million was entered in the Circuit Court for Dallas County, Alabama.

4.      Chartis Specialty admits that more than 30 days have passed since the consent judgment against VeriTrust was entered.  Chartis Specialty is without sufficient information to admit or deny the remaining allegations of Paragraph 4, and therefore denies same.

Chartis Specialty denies the Prayer for Relief, and contests coverage and damages and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.      Chartis Specialty denies the allegations not specifically admitted in its Answer and demands Plaintiffs be put to their burden of proof on each denied allegation.

2.      The Complaint fails to state a claim upon which relief can be granted.

3.      VeriTrust is not entitled to coverage under the Chartis Specialty Policy, thus Plaintiffs cannot enforce the judgment against Chartis Specialty under Ala. Code § 27-23-2.

4.      Plaintiffs' claim against Chartis Specialty under Ala. Code § 27-23-2 is barred by the provisions, exclusions, definitions, terms, conditions, endorsements, limitations, including applicable limits of liability and aggregate limits, and other insurance provisions and/or limitations contained in the Chartis Specialty Policy. These policy provisions, exclusions, definitions, terms, conditions, and limitations are incorporated herein by reference.

5.      Insuring Agreement A. in the Chartis Specialty Policy requires Chartis Specialty to pay on behalf of VeriTrust Loss arising from a Claim first made against VeriTrust during the Policy Period for any actual or alleged Wrongful Act committed by VeriTrust:  (1) in the rendering or failure to render Professional Services by VeriTrust; or (2) in Failing to Supervise a Registered Representative in the rendering or failure to render Professional Services by such Registered Representative on the behalf of VeriTrust. Section 8 of the Chartis Specialty Policy requires that as a condition precedent, written notice be given to Chartis Specialty during the Policy Period or within 30 days after the end of the Policy Period. To the extent the Plaintiffs' claims were not first made against VeriTrust between June

1, 2011 and June 1, 2012, and reported to Chartis Specialty in accordance with the Chartis Specialty Policy, no coverage is afforded.

6.     Professional Services is defined at Definition (k) and amended by endorsement to include various activities rendered in connection with an Approved Activity. Approved Activity is defined by Definition (a), as amended by Endorsement 7, to include a service or activity performed by the Registered Representative on behalf of VeriTrust which:  (1) has been approved in writing by the Broker/Dealer to be performed by VeriTrust, and is (2) in connection with the purchase or sale of a specific security, annuity or insurance product which has been approved in writing by VeriTrust to be transacted through the Registered Representative, and for which (3) the Registered Representative has obtained all licenses required by the Broker/Dealer or applicable law or regulation. Additionally, Endorsement 7 states: "[t]his policy shall not apply to any Claim made against the Registered Representative, Broker/Dealer or any other Insured based upon, arising out of, or attributable to any activity which has not been approved in writing by the Broker/Dealer. Chartis Specialty's investigation revealed VeriTrust did not approve in writing the viatical sales and transactions at issue.  As such, to the extent the terms and requirements for Insuring Agreement A are not satisfied because the definitions for Professional Services and Approved

Activity are not met, then no coverage is afforded for Plaintiffs' claims against VeriTrust.

7.     Exclusion (f) of the Chartis Specialty Policy provides Chartis Specialty shall not be liable for Loss in connection with any Claim made against an Insured alleging, arising out of, based upon or attributable to any Wrongful Act occurring prior to April 22, 2002 (the Retroactive Date) or arising out of any subsequent Interrelated Wrongful Act. The Plaintiffs' Complaints allege wrongful sales of viatical agreements between 1994 and 1996, and subsequent Interrelated Wrongful Acts thereafter.  The Plaintiffs' claims against VeriTrust fall within the terms of this exclusion, thus no coverage is afforded.

8.     Exclusion (a) provides Chartis Specialty shall not be liable for Loss in connection with any Claim made against an Insured arising out of, based upon or a attributable to the gaining in fact of any profit or advantage to which the Insured was not legally entitled, including but not limited to any actual or alleged commingling of funds or accounts.  Plaintiffs allege their investment monies were pooled together with the investment monies of others in one "escrowed pool of money." Plaintiffs further alleged premium payments were made from the escrowed pool of money on a first-come, first-served basis and as a result the defendants failed to pay the Plaintiffs' insurance premiums on their individual

policies. To the extent Exclusion (a) applies to the Plaintiffs' claims, no coverage is afforded under the Chartis Specialty Policy.

9.    Exclusion (m) as amended by Endorsement 5 provides Chartis Specialty shall not be liable for Loss in connection with any Claim made against an Insured alleging, arising out of, based upon or attributable to the purchase or sale (or failure to purchase or sell), or any advice in connection with viatical products including viatical settlement and viatical contracts. The Plaintiffs allege in their Complaints they were induced to purchase viatical contracts between 1994 and 1996, and that thereafter, their premium investments for those viatical contracts were misapplied.  To the extent the allegations against VeriTrust fall within the terms of this exclusion, no coverage is afforded.

10.    Exclusion (b) provides Chartis Specialty shall not be liable for Loss in connection with any Claim made against an Insured arising out of, based upon or attributable to the committing in fact of any criminal or deliberately fraudulent act, or any willful violation of any law, rules, or regulations of the United States or any state.  To the extent the allegations against VeriTrust fall within the terms of this exclusion, no coverage is afforded.

11.    A viatical contract constitutes a security. The sale of securities which have not been approved in writing by VeriTrust constitutes selling away. By Endorsement 7, Insuring Agreement A.3 affording coverage to VeriTrust for

conduct constituting selling away by its Registered Representatives was deleted in its entirety.  As such, no coverage is afforded for selling away.

12.     The aggregate limit for the Chartis Specialty Policy is $3 million. According to Section 5 of the Chartis Specialty Policy Limits of Liability and Section 3.B of the Declarations, however, the limit of liability for all Loss arising out of Plaintiffs' claims is $1 million because all such claims allege the same Wrongful Act or Interrelated Wrongful Acts.

13.     Plaintiffs' claim against Chartis Specialty may be subject to ADR.

14.     According to Endorsement 7, Section 4, there is no duty to defend by Chartis Specialty until it receives a copy of the written approval by VeriTrust of the activity which forms the basis of the Professional Services alleged in the claim.

15.     Plaintiffs' claim for coverage against Chartis Specialty is, or may be, barred, limited, or reduced by the coverage obligations of any other insurers whose policies provide coverage to VeriTrust for any claim at issue in this litigation.

16.     In the event that Chartis Specialty is found liable for some portion of the claim asserted by Plaintiffs, all costs, expenses, and amounts of any judgment shall be apportioned among all applicable other insurance.

17.     Chartis Specialty is entitled to a set-off, credit and/or recovery for any amounts paid by or on behalf of another defendant or third party.

18.     Plaintiffs' claim against Chartis Specialty under Ala. Code § 27-23-2 is procedurally improper.

19.     Chartis Specialty reserves any and all defenses available to it as set forth in Federal Rules of Civil Procedure 8(c), 12(b)(1) through 12(b)(7), and 19, for which a good faith legal and factual basis exists.

20.     Chartis Specialty reserves the right to amend its answer and affirmative defenses to include any claims or additional defenses that may become available during discovery.

Dated: August 5, 2014.

> */s/ Stephen E. Whitehead*
> Stephen E. Whitehead (ASB-2282-T68S)
> Graham R. Pulvere (ASB-6800-R76P)
> Attorneys for Chartis Specialty Insurance
> Company

**Of Counsel:**
Lloyd, Gray, Whitehead & Monroe, P.C.
2501 Twentieth Place South, Ste. 300
Birmingham, Alabama 35223-1745
Telephone: (205) 967-8822
Fax: (205) 967-2380

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of August, 2014, a true and correct copy of the foregoing has been furnished by filing electronically with the Clerk of Court and/or United States Mail, first-class postage prepaid and properly addressed to:

Christopher E. Sanspree, Esq.
603 Martha Street
Montgomery, Alabama 36104
(334) 262-1001
(334) 262-1002 facsimile
*Attorney for Plaintiffs*

Russell J. Rutherford, Esq.
Anil Mujumdar, Esq.
Adams and Reese LLP
1901 Sixth Avenue North, Suite 3000
Birmingham, AL 35203
Telephone: 205-250-5000
Fax: 205-250-5034
*Attorney for VeriTrust Financial, LLC*

Joseph H. Aughtman, Esq.
8448 Crossland Loop, Suite 144
Montgomery AL 36117
Phone: (334) 868-0440
*Attorney for Plaintiffs*

Meredith J. Lees, Esq.
Rumberger, Kirk & Caldwell
2204 Lakeshore Dr., Ste. 125
Birmingham, Alabama 35209
(205)572-2815
*Attorney for VeriTrust Financial, LLC*

Edward L. McRight, Jr., Esq.
P.O. Box 660808
Birmingham, Alabama 35226
(205) 746-4452
*Attorney for Life Options International,
Mike Howard Financial Services, Inc.,
and Mike Howard*

Mark E. Tindal, Esq.
The Tindal Firm
85 Bagby Dr., Ste. 301
Birmingham, Alabama 35209
(205) 835-2165
*Attorney for VeriTrust Financial, LLC*

*/s/ Stephen E. Whitehead*
Of Counsel