IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SELMA DIVISION

| | |
|---|---|
| ROBERT GABRIEL, ET AL., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CHARTIS SPECIALTY )<br>INSURANCE COMPANY, ET AL., )<br>)<br>Defendants. ) | Civil Action No.: 2:14-cv-358 |

**ANSWER AND AFFIRMATIVE DEFENSES OF CHARTIS SPECIALTY
TO VERITRUST'S CROSS CLAIM COMPLAINT**

Chartis Specialty Insurance Company, pursuant to <u>Federal Rules of Civil Procedure</u> 7, 8 and 12, respectfully submits the following answer and affirmative defenses to VeriTrust Financial, LLC's Cross Claim Complaint ("Complaint").[1]

**CROSS CLAIM DEFENDANT**

1. Chartis Specialty admits the allegations of Paragraph 1. Other than incorrectly identifying Chartis Specialty in the Complaint, Chartis Specialty admits it is a foreign corporation doing business in Dallas County, Alabama.

---

[1] Chartis Specialty is incorrectly named in the Complaint as AIG Property Casualty Company a/k/a American International Group, Inc., f/k/a Chartis Specialty Insurance Company.

## CAUSE OF ACTION

2.     Chartis Specialty admits it issued Securities Broker/Dealer's Professional Liability Insurance Policy No. 01-880-93-12 to VeriTrust, the terms of which speak for themselves.  Chartis Specialty denies the remaining allegations of Paragraph 2 and demands strict proof thereof.

3.     Chartis Specialty denies the allegations of Paragraph 3 and demands strict proof thereof.

4.     Chartis Specialty denies the allegations of Paragraph 4 and demands strict proof thereof.

Chartis Specialty denies the Prayer for Relief, and contests coverage and damages and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.     Chartis Specialty denies the allegations not specifically admitted in its Answer and demands VeriTrust be put to its burden of proof on each denied allegation.

2.     The Complaint fails to state a claim upon which relief can be granted.

3.     VeriTrust's claims against Chartis Specialty are barred by the provisions, exclusions, definitions, terms, conditions, endorsements, limitations, including applicable limits of liability and aggregate limits, and other insurance provisions and/or limitations contained in the Chartis Specialty Policy. These

policy provisions, exclusions, definitions, terms, conditions, and limitations are incorporated herein by reference.

4. Insuring Agreement A. in the Chartis Specialty Policy requires Chartis Specialty to pay on behalf of VeriTrust Loss arising from a Claim first made against VeriTrust during the Policy Period for any actual or alleged Wrongful Act committed by VeriTrust: (1) in the rendering or failure to render Professional Services by VeriTrust; or (2) in Failing to Supervise a Registered Representative in the rendering or failure to render Professional Services by such Registered Representative on the behalf of VeriTrust. Section 8 of the Chartis Specialty Policy requires that as a condition precedent, written notice be given to Chartis Specialty during the Policy Period or within 30 days after the end of the Policy Period. To the extent the Plaintiffs' claims were not first made against VeriTrust between June 1, 2011 and June 1, 2012, and reported to Chartis Specialty in accordance with the Chartis Specialty Policy, no coverage is afforded.

5. Professional Services is defined at Definition (k) and amended by endorsement to include various activities rendered in connection with an Approved Activity. Approved Activity is defined by Definition (a), as amended by Endorsement 7, to include a service or activity performed by the Registered Representative on behalf of VeriTrust which: (1) has been approved in writing by the Broker/Dealer to be performed by VeriTrust, and is (2) in connection with the

purchase or sale of a specific security, annuity or insurance product which has been approved in writing by VeriTrust to be transacted through the Registered Representative, and for which (3) the Registered Representative has obtained all licenses required by the Broker/Dealer or applicable law or regulation. Additionally, Endorsement 7 states: "[t]his policy shall not apply to any Claim made against the Registered Representative, Broker/Dealer or any other Insured based upon, arising out of, or attributable to any activity which has not been approved in writing by the Broker/Dealer. Chartis Specialty's investigation revealed VeriTrust did not approve in writing the viatical sales and transactions at issue. As such, to the extent the terms and requirements for Insuring Agreement A are not satisfied because the definitions for Professional Services and Approved Activity are not met, then no coverage is afforded for Plaintiffs' claims against VeriTrust.

6. Exclusion (f) of the Chartis Specialty Policy provides Chartis Specialty shall not be liable for Loss in connection with any Claim made against an Insured alleging, arising out of, based upon or attributable to any Wrongful Act occurring prior to April 22, 2002 (the Retroactive Date) or arising out of any subsequent Interrelated Wrongful Act. The Plaintiffs' Complaints allege wrongful sales of viatical agreements between 1994 and 1996, and subsequent Interrelated

Wrongful Acts thereafter. The Plaintiffs' claims against VeriTrust fall within the terms of this exclusion, thus no coverage is afforded.

7. Exclusion (a) provides Chartis Specialty shall not be liable for Loss in connection with any Claim made against an Insured arising out of, based upon or a attributable to the gaining in fact of any profit or advantage to which the Insured was not legally entitled, including but not limited to any actual or alleged commingling of funds or accounts. Plaintiffs allege their investment monies were pooled together with the investment monies of others in one "escrowed pool of money." Plaintiffs further alleged premium payments were made from the escrowed pool of money on a first-come, first-served basis and as a result the defendants failed to pay the Plaintiffs' insurance premiums on their individual policies. To the extent Exclusion (a) applies to the Plaintiffs' claims, no coverage is afforded under the Chartis Specialty Policy.

8. Exclusion (m) as amended by Endorsement 5 provides Chartis Specialty shall not be liable for Loss in connection with any Claim made against an Insured alleging, arising out of, based upon or attributable to the purchase or sale (or failure to purchase or sell), or any advice in connection with viatical products including viatical settlement and viatical contracts. The Plaintiffs allege in their Complaints they were induced to purchase viatical contracts between 1994 and 1996, and that thereafter, their premium investments for those viatical contracts

were misapplied. To the extent the allegations against VeriTrust fall within the terms of this exclusion, no coverage is afforded.

9. Exclusion (b) provides Chartis Specialty shall not be liable for Loss in connection with any Claim made against an Insured arising out of, based upon or attributable to the committing in fact of any criminal or deliberately fraudulent act, or any willful violation of any law of the United States … or any state … or any rules or regulations promulgated thereunder. To the extent the allegations against VeriTrust fall within the terms of this exclusion, no coverage is afforded.

10. A viatical contract constitutes a security. The sale of securities which have not been approved in writing by VeriTrust constitutes selling away. By Endorsement 7, Insuring Agreement A.3 affording coverage to VeriTrust for conduct constituting selling away by its Registered Representatives was deleted in its entirety. As such, no coverage is afforded for selling away.

11. The aggregate limit for the Chartis Policy is $3 million. According to Section 5 of the Chartis Specialty Policy Limits of Liability and Section 3.B of the Declarations, however, the limit of liability for all Loss arising out of Plaintiffs' claims is $1 million because all such claims allege the same Wrongful Act or Interrelated Wrongful Acts.

12. VeriTrust's cross claims against Chartis Specialty may be subject to ADR.

13. According to Endorsement 7, Section 4, there is no duty to defend by Chartis Specialty until it receives a copy of the written approval by VeriTrust of the activity which forms the basis of the Professional Services alleged in the claim.

14. Chartis Specialty did not owe VeriTrust the contractual obligations alleged.

15. Chartis Specialty did not breach any contractual obligation(s) to VeriTrust.

16. Chartis Specialty did not proximately cause VeriTrust any damages.

17. VeriTrust is not entitled, in law or equity, to costs, expenses, and/or fees incurred in this action.

18. VeriTrust's claims are or may be barred to the extent VeriTrust did not fully perform its contractual obligations under the Chartis Specialty Policy and/or comply with the relevant policy provisions. This includes, without limitation, the voluntary-payment provision.

19. VeriTrust's claims are or may be barred to the extent it failed to cooperate with Chartis Specialty as required by the Chartis Specialty Policy and applicable law.

20. Chartis Specialty pleads accord and satisfaction.

21. Chartis Specialty asserts unclean hands, waiver, estoppel, and any other equitable defenses for which a good faith basis exists.

22.     Chartis Specialty asserts it has good faith, reasonable, arguable, and legitimate reasons for its coverage position.

23.     VeriTrust pleads the applicability of Alabama's Punitive Damages statute and asserts all applicable substantive and procedural aspects of this statute, including statutory caps, with regard to VeriTrust's claim for punitive damages.

24.     Any award of punitive damages to VeriTrust in this case would be violative of the constitutional safeguards provided to Chartis Specialty under the Constitution of the State of Alabama and the Constitution of the United States of America.

25.     VeriTrust's alleged damages, losses, and/or injuries, if any, are the proximate result of actions and/or omissions of other persons for whom Chartis Specialty is neither liable nor responsible such that said actions constitute the sole proximate cause of VeriTrust's alleged injuries and complaints, or alternatively, are intervening or superseding causes.

26.     VeriTrust's claim for coverage against Chartis Specialty is, or may be, barred, limited, or reduced by the coverage obligations of any other insurers whose policies provide coverage to Plaintiffs for any claim at issue in this litigation.

27.     In the event that Chartis Specialty is found liable for some portion of the claim asserted by Plaintiffs and/or VeriTrust, all costs, expenses, and amounts of any judgment shall be apportioned among all applicable other insurance.

28. Chartis Specialty is entitled to a set-off, credit and/or recovery for any amounts paid by or on behalf of another defendant or third party.

29. VeriTrust's cross claim against Chartis Specialty is procedurally improper.

30. Chartis Specialty reserves any and all defenses available to it as set forth in <u>Federal Rules of Civil Procedure</u> 8(c), 12(b)(1) through 12(b)(7), and 19, for which a good faith legal and factual basis exists.

31. Chartis Specialty reserves the right to amend its answer and affirmative defenses to include any claims or additional defenses that may become available during discovery.

Dated: August 5, 2014.

                                       */s/ Stephen E. Whitehead*
                                       Stephen E. Whitehead (ASB-2282-T68S)
                                       Graham R. Pulvere (ASB-6800-R76P)
                                       Attorneys for Chartis Specialty Insurance Company

**Of Counsel:**
Lloyd, Gray, Whitehead & Monroe, P.C.
2501 Twentieth Place South, Ste. 300
Birmingham, Alabama 35223-1745
Telephone: (205) 967-8822
Fax: (205) 967-2380

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, 2014, a true and correct copy of the foregoing has been furnished by filing electronically with the Clerk of Court and/or United States Mail, first-class postage prepaid and properly addressed to:

Christopher E. Sanspree, Esq.
603 Martha Street
Montgomery, Alabama 36104
(334) 262-1001
(334) 262-1002 facsimile
*Attorney for Plaintiffs*

Russell J. Rutherford, Esq.
Anil Mujumdar, Esq.
Adams and Reese LLP
1901 Sixth Avenue North, Suite 3000
Birmingham, AL 35203
Telephone: 205-250-5000
Fax: 205-250-5034
*Attorney for VeriTrust Financial, LLC*

Joseph H. Aughtman, Esq.
8448 Crossland Loop, Suite 144
Montgomery AL 36117
Phone: (334) 868-0440
*Attorney for Plaintiffs*

Meredith J. Lees, Esq.
Rumberger, Kirk & Caldwell
2204 Lakeshore Dr., Ste. 125
Birmingham, Alabama 35209
(205)572-2815
*Attorney for VeriTrust Financial, LLC*

Edward L. McRight, Jr., Esq.
P.O. Box 660808
Birmingham, Alabama 35226
(205) 746-4452
*Attorney for Life Options International, Mike Howard Financial Services, Inc., and Mike Howard*

Mark E. Tindal, Esq.
The Tindal Firm
85 Bagby Dr., Ste. 301
Birmingham, Alabama 35209
(205) 835-2165
*Attorney for VeriTrust Financial, LLC*

/s/ Stephen E. Whitehead
Of Counsel