IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SELMA DIVISION

| | |
|---|---|
| ROBERT GABRIEL, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.: 2:14-cv-358 |
| ) | |
| CHARTIS SPECIALTY ) | |
| INSURANCE COMPANY, ET AL., ) | |
| ) | |
| Defendants. ) | |

### CHARTIS SPECIALTY'S BRIEF IN OPPOSITION TO REMAND

Chartis Specialty Insurance Company ("Chartis Specialty") submits this brief in opposition to the Motions to Remand filed by Defendant Veritrust Financial, LLC and Plaintiffs. For reasons articulated herein, both Motions to Remand should be denied.

Veritrust and Plaintiffs separately have filed Motions to Remand (docs. 20 and 24). The arguments advanced are identical in most respects. Those arguments are addressed collectively herein. First, they argue removal was not timely, as beyond the one-year limitation, since commencement of the present litigation was by way of a Fifth Amended Complaint in a case initially filed in 2012. Second, they argue Plaintiff Marilyn Sikora and Veritrust are both Texas residents so that complete diversity does not exist. Third, they argue Chartis Specialty did not obtain the consent of Defendants Veritrust or North East Escrow. As Chartis

Specialty demonstrates below, none of those arguments mandate remand under the facts of this case.

> **A. The Removal Was Timely Because It Was Filed Within Thirty Days Of The Operative Commencement Date For A Judgment Creditor Insurance Garnishment Action.**

Veritrust and Plaintiffs argue that pursuant to 28 U.S.C. § 1446(c), Chartis Specialty had to remove the case within one year from the filing of Plaintiffs' underlying state action against Veritrust on January 17, 2012. That argument is misplaced because the present action is a garnishment action by judgment creditors seeking to attach insurance proceeds available to the judgment debtor (Veritrust) under the Chartis Specialty Policy.  Federal courts in this District have rejected the timeliness argument advanced by Plaintiffs and Veritrust.

In cases with issues nearly identical to the present case, this District has held the operative commencement date for purposes of removal for a garnishment action by a judgment creditor against an insurer is the date on which the garnishment complaint is filed, and not the date on which the separate underlying proceeding was initiated.  See <u>Abrams v. QBE Ins. Corp.</u>, 2012 U.S. Dist. LEXIS 172930 (S.D. Ala. Nov. 15, 2012) (report and recommendation) and 2012 U.S. Dist. LEXIS 172908 (S.D. Ala. Dec. 6, 2012) (adopting report and recommendation). In <u>Abrams</u>, this Court relied on two cases to conclude that the operative commencement date for removal of an insurance garnishment action is

the date on which the garnishment complaint is filed: Armentrout v. Atl. Cas. Ins. Co., 731 F. Supp. 2d 1249 (S.D. Ala. 2010) (report and recommendation) adopted by 731 F. Supp. 2d at 1251 (S.D. Ala. August 10, 2010), and Stabler v. Transp. Ins. Co., No. 06-0237-WS-M, 2006 U.S. Dist. LEXIS 50540 (S.D. Ala. July 21, 2006) (unpublished opinion). Both Armentrout and Stabler also held the operative commencement date for an insurance garnishment action is the date the garnishment is filed, not when the underlying proceedings began.

In Armentrout, the plaintiffs sued a construction company in state court on February 3, 2009, alleging negligent construction of a swimming pool. See Armentrout, 731 F. Supp. 2d at 1252. The plaintiffs obtained a $250,000 judgment. Id. On February 22, 2010 the plaintiffs filed in the same state action a garnishment complaint against the construction company's liability insurer. Id. The insurer removed the case to federal court. Id. The plaintiffs moved to remand. Id. Among the arguments advanced by the plaintiffs was that removal was untimely because the underlying action was commenced more than one year prior to removal. Id.

The plaintiffs argued in Armentrout that a garnishment action against an insurer is ancillary to the underlying action, and not a separate and independent action with its own operative commencement date. Armentrout, 731 F. Supp. 2d at 1258. This Court rejected the plaintiff's argument, citing precedent from the

Eleventh Circuit and Fifth Circuit (pre-split) that a garnishment proceeding is a separate and independent cause of action from the underlying action. Armentrout, 731 F. Supp. 2d at 1258 (citing Webb v. Zurich Ins. Co., 200 F.3d 759 (11th Cir. 2000) (garnishment proceedings are separate and independent causes of action); and Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979) (garnishment actions are "suits involving a new party litigating the existence of a new liability."). Because insurance garnishment actions historically have been found to be separate and independent causes of action, this Court in Armentrout then held that the operative commencement date for purposes of the one-year period under 28 U.S.C. § 1446(b) (now § 1446(c)) is the date that the garnishment proceeding is initiated, not the date of the underlying action. Id. at 1259.

Likewise, in Abrams, the plaintiffs sued a cemetery in state court on November 12, 2009, alleging the cemetery mishandled the deceased's remains. Abrams, 2012 U.S. Dist. LEXIS 138314 at *2. The plaintiffs obtained a default judgment against the cemetery for of $2.5 million. Id. On May 30, 2012 the plaintiffs filed in the same state action a garnishment complaint against the cemetery's liability insurer. Id. at 12. The insurer removed the case, and the plaintiffs moved to remand. Id.

The primary argument advanced by the plaintiffs in Abrams supporting remand was whether removal was timely under 28 U.S.C. § 1446(b) (now §

1446(c)) given that nearly three years had passed from when the plaintiffs initially filed suit against the cemetery.  Abrams, 2012 U.S. Dist. LEXIS 138314 at *21-22.  As in Armentrout, the Abrams plaintiffs argued the garnishment action was ancillary to the original suit. Id.  They argued it was not a separate and independent action, therefore the insurer was required to remove within one year from the original complaint.  Id.  The Abrams Court rejected the plaintiffs' argument, noting that "garnishment actions are separate and independent actions for removal purposes."  Id. at 20.  The Court held that although removal must be "completed within one year after commencement of the action … the operative commencement date of the action is the date on which the process of garnishment was filed (May 30, 2012), not the date on which the underlying [state court] proceedings began...."  Id. at 22.

In this case, Plaintiffs initiated garnishment proceedings under Ala. Code § 27-23-2 on June 19, 2014 in their Fifth Amended Complaint. That date is the operative commencement date for purposes of the one-year period under 28 U.S.C. § 1446(c).  Alabama courts have recognized that the remedy available under Ala. Code § 27-23-2 is in the nature of an equitable garnishment.  See Macey v. Crum, 30 So. 2d 666 (Ala. 1947); see also State Farm Mut. Auto Ins. Co. v. McClendon, 114 So. 2d 153 (Ala. 1959).  Chartis Specialty was served with the summons and complaint on July 3, 2014. It filed its Notice of Removal on July 31, 2014, less

than thirty days from service of the garnishment complaint. Based on Armentrout and Abrams, because the removal here was within one year of the operative commencement date, and within thirty days from service, removal was timely.[1]

### B. Complete Diversity Exists Because Marilyn Sikora's Claims Against Veritrust Have Been Dismissed With Prejudice, So That Her Citizenship Should Not Be Considered.

After Chartis Specialty removed this action, the Howard Defendants moved on August 6, 2014 to be excused from the Court-scheduled status conference (doc. 10). The Howard Defendants raised in their motion that 1) they had been released by the Gabriel Plaintiffs and Ms. Sikora through a settlement, and 2) Ms. Sikora had dismissed with prejudice her claims against all defendants, including Veritrust. The Howard Defendants attached to their motion 1) Ms. Sikora's motion to dismiss her claims against all defendants (doc. 10-1), and 2) a May 6, 2014 order from the Circuit Court of Dallas County granting Ms. Sikora's motion to dismiss all defendants, and dismissing with prejudice her suit (doc. 10-2).

On August 14, 2014, the Court entered an Order to Show Cause why the Howard Defendants should not be dismissed (doc. 13). The Court's Show Cause Order reflects that Ms. Sikora's claims (including claims against Veritrust) were

---

[1] Even in the absence of this precedent, the Court could find equitable exception to the one-year limitation for the reasons stated in Chartis Specialty's Notice of Removal (doc. 1 ¶¶13-15), which neither Plaintiffs nor Veritrust addressed in their motions to remand.

dismissed with prejudice May 6, 2014, yet that on July 29, 2014 the Gabriel plaintiffs amended their complaint to add Ms. Sikora as a plaintiff to this action. Id.

Plaintiffs responded to the Show Cause Order on August 14, 2014 that they did not oppose dismissal of the Howard Defendants (doc. 14). On August 18, 2014, the Court ordered dismissal of the Howard Defendants (doc. 18).  Thereafter, Veritrust filed its Motion to Remand which includes the argument that Plaintiff Marilyn Sikora, a Texas resident, destroys diversity because Defendant Veritrust is a Texas corporation (doc. 20). The Plaintiffs advance that same argument in their Motion to Remand (doc. 24).

Veritrust and Plaintiffs rely on Ms. Sikora's status as a Texas resident plaintiff as a basis for its Motion to Remand.  However, Ms. Sikora is not a proper plaintiff in this case. Because this is a judgment creditor insurance garnishment action under Ala. Code § 27-23-2, the plaintiff must have a judgment against an insured debtor in order to have standing to sue the debtor's insurer. While the Gabriel plaintiffs may have judgments against Veritrust, Ms. Sikora does not have a judgment against Veritrust. It has been represented to the Court by the Howard Defendants that Ms. Sikora may have been a participant in the settlement and release with Veritrust. However, it is clear from the record she had her own separately filed action in the Circuit Court of Dallas County, Alabama in which no

judgment was entered against Veritrust.[2] Ms. Sikora never became a party to the Gabriel action. Unlike the Gabriel Plaintiffs, Ms. Sikora's suit simply was dismissed with prejudice following the purported settlement, with no judgment entered against Veritrust.

Without being a judgment creditor, Ms. Sikora has no standing and no rights against Chartis Specialty under Ala. Code § 27-23-2.  See S. Pioneer Prop. & Cas. Ins. Co. v. Bennett, 2010 U.S. Dist. LEXIS 34383, *7 (M.D. Ala. Apr. 7, 2010) ("[U]nder Alabama law … an injured party cannot bring a direct action against the insurance carrier, absent a final judgment against its insured.") (internal citations omitted); see also MacMillan-Bloedel, Inc. v. Firemen's Ins. Co. of Newark, N.J., 558 F. Supp. 596, 598 (S.D. Ala. 1983) ("The remedy provided by Section 27–23–2 can be exercised only after the injured party has recovered a judgment against the insured."; Maness v. Alabama Farm Bureau Mut. Cas. Ins. Co., 416 So. 2d 979, 981-82 (Ala. 1982) ("The injured party … can bring an action against the insurer only after he has recovered a judgment against the insured.").[3]

Ms. Sikora's claims have been dismissed with prejudice following a settlement. She has no judgment against insured debtor Veritrust. As such, she is

---

[2] Marilyn Sikora v. Veritrust, et al, CV-2013-000018.

[3] For the same reason, no other defendant – other than Veritrust, who is a necessary party and should be realigned as a plaintiff – is a proper party to this action.  Thus, the citizenship of no other defendant to the underlying action should be considered for diversity of citizenship.

not a proper plaintiff, and her citizenship should be disregarded for diversity jurisdiction.

### C. Consent of Veritrust and Northeast Escrow Is Not Required.

Regardless whether Ms. Sikora's citizenship as a Texas resident is to be considered, diversity still exists because Veritrust must be realigned as a plaintiff. Although Veritrust currently is identified as a defendant, this Court is not bound by this label. Rather, courts have a "duty . . . to look beyond the pleadings, and arrange the parties according to their sides in the dispute." Cromwell v. Admiral Ins. Co., 2011 U.S. Dist. LEXIS 73469, *14 (S.D. Ala. June 21, 2011) (report and recommendation), adopted 2011 U.S. Dist. LEXIS 73408 (S.D. Ala. July 7, 2011). To determine proper alignment, courts "must determine the 'principle purpose of the suit and the primary and controlling matter in dispute.'" Baldwin County Bd. of Educ. v. Melvin Pierce Painting, Inc., 2012 U.S. Dist. LEXIS 5353, *6 (S.D. Ala. Jan. 17, 2012). Where parties' interests are the same, those parties must be aligned together, even where those parties' interests may have been at odds outside of the issues raised in the present action. City of Vestavia Hills v. Gen. Fid. Ins. Co., 676 F.3d 1310, 1313 (11th Cir. 2012).

In a judgment creditor action brought pursuant to Ala. Code § 27-23-2, the interests of the judgment creditor and the insured are aligned when there is a dispute as to the existence of coverage under an insurance policy. See Cromwell,

2011 U.S. Dist. LEXIS 73469, *9-10 (quoting Stabler v. Transp. Ins. Co., 2006 U.S. Dist. LEXIS 50540, *15 (S.D. Ala. July 21, 2006) ("[I]f the plaintiff … sue[s] the insurer [] after entry of judgment against the tortfeasor, then the tortfeasor and plaintiff's interests are aligned against the insurer.")).  The rationale for this alignment is that the insured's "principal interest … is in having [the insurer] pay as large a portion of the judgment as possible, thereby reducing the unsatisfied remainder of the judgment for which [the insured] would remain liable." Id. at *20.

Plaintiffs have already resolved their claims with Veritrust via consent judgment (Doc. 1-2, p. 228). Moreover, Veritrust itself has asserted a cross-claim against Chartis Specialty based on Chartis Specialty's refusal to defend Veritrust in the underlying action (Doc. 1-2, pp. 235-36). The Plaintiffs and Veritrust share a common interest in having a determination that coverage is afforded under the Chartis Specialty Policy for the Plaintiffs' judgment against Veritrust, as well as the Veritrust cross-claim against Chartis Specialty for defense costs. Like Plaintiffs' garnishment action against Chartis Specialty, the predominant issue with respect to Veritrust's cross-claim against Chartis Specialty is whether coverage is afforded under the Chartis Specialty Policy for the claims which form the basis for Plaintiffs' judgment against Veritrust. Thus, Plaintiffs and Veritrust are wholly aligned against Chartis Specialty, and Veritrust should be realigned as a plaintiff.

Chartis Specialty is filing contemporaneously herewith a Motion to Realign Veritrust as a plaintiff.  When Veritrust (a Texas LLC with members who are Texas citizens) is realigned as a plaintiff, there is no requirement for its consent to removal, Robinson v. Hudson Specialty Ins. Group, 2013 U.S. Dist. LEXIS 79355 (S.D. Ala. May 9, 2013) (citing Cromwell v. Admiral Ins. Co., 2011 U.S. Dist. LEXIS 73469, 2011 WL 2670098 (S.D. Ala. June 21, 2011) (report and recommendation), adopted 2011 U.S. Dist. LEXIS 73408, 2011 WL 2689356 (S.D. Ala. July 7, 2011). Also, when Veritrust is realigned, complete diversity exists between Plaintiffs and Chartis Specialty.

Though Ms. Sikora's residency should not be considered since she is not a proper plaintiff, even if it were considered, realignment of Veritrust as a plaintiff results in complete diversity. Chartis Specialty, the sole proper defendant, is an Illinois corporation. None of the plaintiffs are Illinois citizens. The citizenship of the Plaintiffs is as follows: Alabama (Habshey and Cabral); Florida (Shanklin and Most); Texas (Veritrust and Sikora). Gabriel substituted RMG International, Inc. and AZMAComp as plaintiffs in his stead in the Fourth Amended Complaint in the underlying action. RMG is a foreign corporation with its principle place of business in Osterhout, Netherlands. A diligent search for AZMAComp results in no records suggesting it exists.

Likewise, the citizenship of Northeast Escrow should be disregarded and its consent is unnecessary because 1) Northeast Escrow also is not a proper defendant as discussed in Section B and footnote 3 above; and 2) Plaintiffs voluntarily abandoned their claims against Northeast Escrow as discussed in Chartis Specialty's Notice of Removal (doc. 1 ¶35).

For the foregoing reasons, Chartis Specialty respectfully requests the Court enter an Order denying Veritrust's and Plaintiffs' Motions to Remand and take jurisdiction of this action.

Dated: September 9, 2014.

*/s/ Stephen E. Whitehead*
Stephen E. Whitehead (ASB-2282-T68S)
Graham R. Pulvere (ASB-6800-R76P)
Attorneys for Chartis Specialty Insurance Company

**Of Counsel:**
Lloyd, Gray, Whitehead & Monroe, P.C.
2501 Twentieth Place South, Ste. 300
Birmingham, Alabama 35223-1745
Telephone: (205) 967-8822
Fax: (205) 967-2380

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 9th day of September, 2014, a true and correct copy of the foregoing has been furnished by filing electronically with the Clerk of Court and/or United States Mail, first-class postage prepaid and properly addressed to:

| | |
|---|---|
| Christopher E. Sanspree, Esq. | Mark E. Tindal, Esq. |
| 603 Martha Street | The Tindal Firm |
| Montgomery, Alabama 36104 | 85 Bagby Dr., Ste. 301 |
| (334) 262-1001 | Birmingham, Alabama 35209 |
| (334) 262-1002 facsimile | (205) 835-2165 |
| *Attorney for Plaintiffs* | *Attorney for Veritrust Financial, LLC* |

Joseph H. Aughtman, Esq.
8448 Crossland Loop, Suite 144
Montgomery AL 36117
Phone: (334) 868-0440
*Attorney for Plaintiffs*

                                            */s/ Stephen E. Whitehead*
                                            Of Counsel