IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT GABRIEL; et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CASE NO. 14-358-CG-B** |
| v. ) | |
| ) | |
| **LIFE OPTIONS INTERNATIONAL,** ) | |
| **INC.; et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND

Plaintiffs respectfully submit their Reply in Support of their Motion to Remand as follows:

### Defendant Chartis Specialty's Removal Was Untimely

As stated in Plaintiffs' Motion to Remand, the instant case was filed in the Circuit Court for Dallas County, Alabama on or about January 17, 2012. The Plaintiffs filed their Complaint alleging only state law claims against various Defendants arising out of the various Defendants' fraudulent, negligent or wanton pooling and subsequent payment and/or non-payment of insurance premiums on insurance policies owned by the Plaintiffs and others. On July 31, 2014, Defendant Chartis Specialty removed this case to this Court based upon alleged diversity of citizenship jurisdiction. Plaintiffs responded by pointing out Defendant Chartis Specialty's removal was

improper because it was untimely since the case had been pending in the Dallas County Circuit Court for over a year and a half, and the case should, therefore, be remanded back to the Circuit Court for Dallas County, Alabama. In its Opposition to Remand, Defendant Chartis Specialty argued that its removal was timely and based its argument upon case law interpreting the *former* removal statutes. However, based upon the *revised* removal statutes, case is due to be remanded back to the Circuit Court of Dallas County, Alabama.

The cases cited by Defendant Chartis Specialty in its Opposition to Remand predate the 2011 revision to the removal statutes set forth in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, PL 112-63, December 7, 2011, 125 Stat 758 ("FCJVCA"). The FCJVCA, *inter alia*, revised the removal statutes to include the following regarding the one year time limit for removals:

> (c) REQUIREMENTS; REMOVAL BASED ON DIVERSITY OF CITIZENSHIP.--(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

*Id*. (emphasis in original).

As stated in the FCJVCA revision, the one year time limit (already considered a bright line rule by the Eleventh Circuit[1]) is further emphasized by allowing only one exception – where the plaintiff has acted in bad faith to prevent removal. There is no evidence of bad faith by Plaintiffs in this case to prevent removal.

Given the revision strengthening the one year time limitation and the lack of binding precedent construing garnishment actions in Alabama to collect a judgment, the Plaintiffs respectfully submit the Court should conduct an analysis independent of *Abrams v. QBE Ins. Corp.*, 2012 U.S. Dist. LEXIS 172930 (S.D. Ala. Nov. 15, 2012) (report and recommendation) and its predecessors.

Under Alabama law, a garnishment to collect on a judgment is considered an ancillary action, not a new and independent proceeding. And, as other federal courts in Alabama have recognized, "[i]n the absence of complete diversity, federal courts lack jurisdiction over any 'direct action' brought by an aggrieved party seeking to collect a judgment from another party's insurer. The diversity statute is strictly construed, and under the modern trend, a 'direct action' can include post-judgment garnishments brought by a judgment creditor against the judgment debtor's commercial

---

[1] *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

insurer." *Wheelwright Trucking Co. v. Dorsey Trailers, Inc.*, 158 F. Supp. 2d 1298, 1301 (M.D. Ala. 2001).

Thus, there is no question Defendant Chartis Specialty's argument is not supported by Alabama state law.  Defendant Chartis Specialty relies, however, on cases pre-dating the FCJVCA which previously held garnishment actions should be considered new lawsuits (contrary to Alabama state law) for purposes of removal.  This line of authority is now outdated in light of (1) the FCJVCA revision creating the sole exception for diversity removals more than one year after the action commences, and (2) the longstanding position by federal courts that they "are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand."[2]

For these reasons, Plaintiffs respectfully submit that this case should be remanded back to state court.

---

[2] *Russell Corp. v. American Home Assurance Co.,* 264 F.3d 1040, 1050 (11th Cir.2001) (citation omitted); *see also Allen v. Christenberry,* 327 F.3d 1290, 1293 (11th Cir.) ("[R]emoval statutes should be construed narrowly, with doubts resolved against removal."), *cert. denied,* 540 U.S. 877, 124 S.Ct. 277, 157 L.Ed .2d 140 (2003); *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 411 (11th Cir.1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly.... Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court."); *see Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994) ("Federal courts are courts of limited jurisdiction. They possess only

## **Realignment and Consent to Removal**

Defendant Chartis Specialty's arguments on these two issues are based on its position that co-Defendant VeriTrust should now be considered a plaintiff in this action. Defendant Chartis Specialty relies on Eleventh Circuit precedent requiring realignment of a defendant to a plaintiff where those parties' interests are identical. As demonstrated in their Motion to Remand, however, Defendant VeriTrust is both a defendant in terms of satisfying the judgment and a cross-claim plaintiff for purposes of recovering its defense costs. Plaintiffs' principal purpose in filing the garnishment claim is to recover insurance benefits to pay for the judgment in their favor rendered in Dallas County, Alabama. Defendant VeriTrust's principal interest in this proceeding is to recover its defense costs. Although it is true under Eleventh Circuit case law that Defendant VeriTrust is deemed to have an interest in payment of the judgment by its insured, the Plaintiffs have no interest in whether Defendant VeriTrust is able to recover its defense costs. Therefore, unlike the situations presented in the cases cited by Defendant Chartis Specialty, the interests of co-Defendant VeriTrust and Plaintiffs are not identical and do not call for realignment of the parties, at least in terms of co-Defendant VeriTrust's claim for a defense

---

that power authorized by Constitution and statute, which is not to be expanded by judicial

under the policy.  *See e.g.*, *Sinclair v. Auto-Owners Ins. Co.*, 4:14-CV-0009-HLM, 2014 WL 2119863 (N.D. Ga. Feb. 14, 2014) (potential judgment creditor has no interest in whether potential judgment debtor is able to obtain coverage for attorney fees from its own insurer).  Since co-Defendant VeriTrust is properly a Cross-Claim Plaintiff in this action and Defendant Chartis Specialty did not obtain its consent, this case is due to be remanded.

## **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request the Court to enter an Order remanding this case back to Dallas County Circuit Court.

*/s/Christopher E. Sanspree*
CHRISTOPHER E. SANSPREE (SAN048)
One of the Attorneys for Plaintiffs
603 Martha Street
Montgomery, Alabama 36104
(334) 262-1001
(334) 262-1002 facsimile
chris.sanspree@sanspreelaw.com

*/s/ Joseph "Jay" H. Aughtman//*
JOSEPH H. AUGHTMAN (AUG001)
*One of the Attorneys for Plaintiff*
8448 Crossland Loop
Suite 144
Montgomery AL 36117
Phone: (334) 868-0440
jay@aughtmanlaw.com

---

decree[.]" (internal citations omitted)).

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has filed with the Clerk of the Court using the CMF e-filing system which will electronically send notification to all counsel of record on this the 16th day of September 2014.


                                          */s/Christopher E. Sanspree*
                                          OF COUNSEL