## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **ROBERT GABRIEL, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | ) **CIVIL ACTION NO. 14-358-CG-B** |
| | ) |
| **LIFE OPTIONS** | ) |
| **INTERNATIONAL, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court on the following motions: Defendant Veritrust's motion to remand (Doc. 20), Plaintiffs' motion to remand (Doc. 24), Defendant Chartis Specialty's opposition to both *motions* to remand (Doc. 26), Defendant Chartis Specialty's motion to realign (Doc. 27), and Defendant Veritrust's (Doc. 28) and Plaintiff's (Doc. 29) responses in opposition to the motion to realign.

Upon consideration of the motions, the responses of the parties, and for the reasons set forth below, the Court finds that Veritrust Financial's and Plaintiff's motion to remand is due to be denied and Defendant Chartis Specialty's motion to realign is due to be granted.

**BACKGROUND**

This case arises from a tangled web of litigation that began in the Circuit Court of Dallas County, Alabama.

On January 17, 2012, Plaintiffs Robert Gabriel, Joseph Habshey, Mary Shanklin, and Carl Most filed suit in the Circuit Court of Dallas County, Alabama, against Michael J. Howard, Life Options International, Inc., Mike Howard Financial Services, Inc. (the "Howard Defendants"), Aragon n/k/a Veritrust Financial, LLC ("Veritrust"), and Northeast Escrow Services, LLC,

1

alleging claims arising from the sale of viatical settlements in the mid-1990's (the "Viatical suit"). (Doc. 1, Exh. B). Plaintiffs alleged that the Howard Defendants, who are an Alabama insurance agent and his affiliated Alabama corporations, sold the viatical settlements while acting as agents for Veritrust, a Securities Broker-Dealer headquartered in Texas. (Doc. 1, Exh. B, pp. 4 - 9)

Between January 2012 and September 2013, Plaintiffs amended the Complaint in the Viatical suit four times. Veritrust actively defended the Viatical suit, filing answers to all but the fourth amended Complaint. (Doc. 1, Exh. B). The Howard Defendants filed an answer to the Complaint and amended Complaint in May 2012, but never responded to the second, third, and fourth amended Complaints. (Id.) Northeast Escrow never filed a response to any Complaint. On March 29th, 2012, the Circuit Court of Dallas County dismissed the claims against defendant Northern Escrow without prejudice. (Id. at 57).

In the fourth amended complaint, Plaintiffs moved to replace Robert Gabriel with RMG International, a foreign corporation based in the Netherlands, and AZMACOMP, Inc., who the plaintiffs' allege is a foreign corporation doing business by agent in Alabama. (Id. at 204). Curiously, the Court can find no evidence of the existence of AZMACOMP, Inc., let alone its corporate headquarters. The Circuit Court in Dallas County granted the request to replace Plaintiff Robert Gabriel with these two corporations. (Id. at 208).

Before trial, the parties filed a Settlement Status report in the Viatical suit stating that "[t]he Parties have circulated a final confidential settlement agreement and obtained some but not all of the necessary signatures for execution." (Id. at 223). The parties believed the release executed between Plaintiffs and Veritrust releases Plaintiffs' claims against the Howard Defendants, either specifically, by name, or generally, as agents for Veritrust. (Docs. 10, 12).

On April 14, 2014, the "Plaintiffs and Defendants" in the Viatical Lawsuit filed a Joint Motion to Enter Judgment against Veritrust for $5.1 million, with a $100,000 settlement payment to be paid to Plaintiffs by Veritrust within 10 days. (Doc. 1, Exh. B, p. 225). On April 17, 2014, the Circuit Court of Dallas County entered judgment against Veritrust for $5.1 million. (Id. at 228).

Neither Plaintiffs nor Veritrust moved to dismiss the Viatical Lawsuit after the settlement and entry of judgment against Veritrust. Instead, on June 19, 2014, Plaintiffs filed in the Viatical Lawsuit a post-judgment Fifth Amended Complaint adding Chartis Specialty, an insurance company based in Illinois, as a defendant and asserting judgment creditor insurance garnishment claims under Ala. Code § 27-23-2. (Id. at 229). The Complaint seeks indemnity coverage from Chartis Specialty for the $5.1 million consent judgment under the Chartis Securities Broker/Dealer's Professional Liability Insurance policy issued to Veritrust. (Id.)

On July 11, 2014, Veritrust filed a post-judgment Cross-Claim Complaint against Chartis Specialty alleging claims for breach of contract and bad faith failure to provide a defense to Veritrust in the Viatical Lawsuit. (Id. at 235).

On July 29, 2014, plaintiffs amended their complaint a sixth, and then due to a spelling error, a seventh time, to add Mary Sikora, a Texas resident, as a plaintiff. (Id. at 237 - 40).

On July 31, 2014, Chartis Specialty removed this action to federal court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. On August 5, 2014, Chartis then answered plaintiffs complaint (Doc. 6) and Veritrust's cross-claim complaint (Doc.7).

On August 9, 2014, the Howard defendants filed a motion to dismiss the claims against them citing that the mutual settlement in state court released them from the case. (Doc. 12). Furthermore, the Howard Defendants cited a separate action and settlement of Mary Sikora, which released the

Howard Defendants from her case as well. (Doc. 10). The court granted the Howard Defendants' motion to dismiss on August 18, 2014. (Doc. 18).

On August 22, 2014, Veritrust filed a motion to remand to state court claiming removal occurred after the one-year time limit, lack of diversity of parties and lack of their own consent as defendants. (Doc. 20). On September 2, 2014, Plaintiffs filed a motion for remand to state court that also claimed lack of diversity, removal after the one-year time limit and lack of consent of all defendants. (Doc. 24)

## I. MOTION TO REMAND TO STATE COURT

The first issue in this case is whether the Court should grant Veritrust's and Plaintiffs' motions to remand back to state court.

### A. Jurisdiction in general

There can be no doubt that "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001) (citation omitted); see also Allen v. Christenberry, 327 F.3d 1290, 1293 (11th Cir. 2003) ("[R]emoval statutes should be construed narrowly, with doubts resolved against removal."), cert. denied, 540 U.S. 877, 124 S.Ct. 277, 157 L.Ed.2d 140 (2003); Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court."); see also Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" (internal citations omitted)). Moreover, the removing defendant must bear "the burden of demonstrating federal jurisdiction." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 n.4

(11th Cir. 1998)(citation omitted). Stated differently, because federal courts are courts of limited jurisdiction "[i]t is . . . presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" Kokkonen, supra, 511 U.S. at 377, 114 S.Ct. at 1675 (internal citations omitted).

A removing defendant must establish the propriety of removal under 28 U.S.C. § 1441 and, therefore, must establish the existence of federal jurisdiction. Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction."); Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356 (11th Cir. 1996), overruled on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir.1999) (explaining that strict construction of removal statutes derives from "significant federalism concerns" raised by removal jurisdiction); Whitt v. Sherman Int'l Corp., 147 F.3d 1325, 1333 (11th Cir. 1998)  (expressing preference for remand where removal jurisdiction is not absolutely clear); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)  (uncertainties regarding removal are resolved in favor of remand); Newman v. Spectrum Stores, Inc., 109 F.Supp.2d 1342, 1345 (M.D. Ala. 2000) ( "Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.")

The removing party, Chartis Specialty, bears the burden of establishing complete diversity of citizenship and establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. Tapscott, supra, 77 F.3d at 1357. ("[W]e hold where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely

than not exceeds the … jurisdictional requirement.").

Moreover, as a procedural matter, the removal must be timely. See Clingan v. Celtic Life Ins. Co., 244 F.Supp.2d 1298, 1302 (M.D. Ala. 2003) ("The time limit in 28 U.S.C. § 1446(b) is 'mandatory and must be strictly applied.'"); cf. Moore v. North Am. Sports, Inc., 623 F.3d 1325, 1329 (11th Cir. 2010) ("[T]he timeliness of removal is a procedural defect-not a jurisdictional one.").

### B. Whether there is diversity jurisdiction

In this case, jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332 (See Doc. 1 at 7), and the removing party, Chartis Specialty, bears the burden of establishing diversity of citizenship. The diversity requirements are that plaintiffs are completely diverse from the defendant(s), Triggs, supra, 154 F.3d at 1287 (citation omitted), and by a preponderance of the evidence that the amount in controversy exceeds the $75,000 requirement. Tapscott, supra, 77 F.3d at 1357.

Turning first to the $75,000 requirement, the amount at issue in this case is the $5.1 million dollar settlement executed between Plaintiffs and the Veritrust and Howard Defendants. (Doc. 1, Exh. B, p. 228). Therefore, the $75,000 requirement is easily met.

The more complicated question of whether there is diversity of the parties. Plaintiffs amended their complaint seven times. (See Doc. 1, Exh. B). The fifth amended complaint added Chartis Specialty as a defendant and the sixth and seventh amended complaints added Mary Sikora as a plaintiff. "As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." Schreane v. Middlebrooks, 522 F. App'x 845, 847 (11th Cir. 2013) cert. denied sub nom. Schreane v. Santoes, 134 S. Ct. 700, 187 L. Ed. 2d 564 (2013) (quoting Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982); see also Fritz v. Standard Sec. Life Ins. Co. of N.Y., 676 F.2d 1356, 1358 (11th Cir. 1982) Once the

district court accepts the amended pleading, "the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." Pintando v. Miami–Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) (quotation omitted). Therefore, for the purposes of determining diversity, the Court considers the parties contained within the seventh amended complaint.

According to the seventh amended complaint the Plaintiffs and their respective state of residence are as follows: Joseph Habshey (Alabama), John Cabral (Alabama), Mary Shanklin (Florida), Carl Most (Florida), Mary Sikora (Texas), AZMAComp. (foreign), and RMG International (foreign). In the same complaint, the Defendants and their state of residence are as follows: Veritrust (Texas), Life Options International, Mike Howard and Mike Howard Financial Services (all Alabama), and Chartis Specialty (Illinois). At first glance, there is not diversity of the parties. However, when Chartis Specialty removed this litigation to federal court, the Plaintiffs were no longer pursuing the claims against the Howard Defendants due to their settlement agreement (Doc. 10).

As Chartis Specialty noted in its Notice of Removal (Doc. 1), when a plaintiff abandons the claims against non-diverse defendants, the non-diverse defendants are fraudulently joined. Faulk v. Husqvarna Consumer Outdoor Products N.A., Inc., 849 F. Supp. 2d 1327, 1330 (M.D. Ala. 2012) ("A party may abandon claims against a non-diverse defendant by never serving them with the lawsuit, thereby making a case removable. See also Insinga v. LaBella, 845 F.2d 249, 251 n. 1 (11th Cir.1988) (finding that non-diverse defendant was effectively voluntarily dismissed from the case where the plaintiff stipulated that it had no intention of ever serving the non-diverse defendant).

In order to demonstrate voluntary abandonment, "there need not be a formal dismissal of the non-diverse party," Ramirez v. Michelin N.A., Inc., No. 07cv228, 2007 WL 2126635, at *3 (S.D. Tex. July 19, 2007), but the

defendant must show "a definite or unequivocal expression of intent to discontinue the action against the resident party." Naef v. Masonite Corp., 923 F.Supp. 1504, 1510 (S.D. Ala. 1996); see also Bourque v. Nan Ya Plastics Corp., 906 F.Supp. 348, 352 (M.D.La.1995) ("The defendants can avoid remand of the case if they can show that [the] plaintiff has voluntarily abandoned his claims against the non diverse defendants by clear and unambiguous acts.").

Plaintiff's course of conduct unequivocally demonstrated voluntary abandonment of their claims against the Howard Defendants. The settlement agreement executed between all of the pre-fifth amended complaint Plaintiffs and Defendants "released" the Howard Defendants from the case. (Doc. 10). Whether through oversight or error, the Plaintiffs did not move to dismiss the Howard Defendants from the suit, yet clearly abandoned their claims and did not object to the Howard Defendant's motion to dismiss in this court. (Doc. 14). Therefore, since the plaintiffs abandoned their claims against the Howard Defendants, their residency is not considered for the purpose of diversity jurisdiction.

Furthermore, it is clear that Plaintiff Mary Sikora does not have a claim against Veritrust. As the Howard Defendants pointed out in their motion to dismiss, Mary Sikora had a separate action in Dallas County against Veritrust. (See Doc. 10, Exh. 2). Upon settlement in a separate action, the Dallas County Circuit Court dismissed her claims with prejudice against Veritrust. The plaintiffs then amended their complaint a fifth time to add Chartis Specialty and then a sixth and seventh time to add Mary Sikora. However, Sikora has no standing or rights against Chartis Specialty under Alabama law. See S. Pioneer Prop. & Cas. Ins. Co. v. Bennett, 2010 U.S. Dist. LEXIS 34383, *7 (M.D. Ala. Apr. 7, 2010) ("[U]nder Alabama law … an injured party cannot bring a direct action against the insurance carrier, absent a final judgment against its insured.") (internal citations omitted); see also MacMillan-Bloedel, Inc. v. Firemen's Ins. Co. of Newark, N.J., 558 F.

Supp. 596, 598 (S.D. Ala. 1983) ("The remedy provided by Section 27–23–2 can be exercised only after the injured party has recovered a judgment against the insured."; Maness v. Alabama Farm Bureau Mut. Cas. Ins. Co., 416 So. 2d 979, 981-82 (Ala. 1982) ("The injured party … can bring an action against the insurer only after he has recovered a judgment against the insured."). Mary Sikora does not have a judgment against the insured in this case and therefore, her citizenship is also not considered.

Therefore, for the purpose of determining diversity the court considers the residencies of Plaintiffs Joseph Habshey (Alabama), John Cabral (Alabama), Mary Shanklin (Florida), Carl Most (Florida), AZMAComp. (foreign), and RMG International (foreign) and of Defendants Veritrust (Texas) and Chartis Specialty (Illinois). Therefore, because there is complete diversity of the parties and the $75,000 is met, the Court finds that it has jurisdiction to hear the case under 28 U.S.C. § 1332.

### C. Whether the Removal of this Action was Timely

Removal statutes 28 U.S.C. §§ 1441 and 1446 govern the timeliness of removal. Plaintiffs and Veritrust argue that removal was untimely because Chartis Specialty removed the action to federal court three years after the filing of the original complaint. (Docs. 20, 28 & 29). Furthermore, Plaintiffs and Veritrust argue that Congress's Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("FCJVCA") strengthened the one-year removal deadline and only allows removal past the deadline in the case of bad faith. (Id.) In light of Congress's revision to the one-year time limitation, Veritrust suggests that the "Court should conduct an analysis independent of Abrams v. QBE ins. Corp., 2012 U.S. Dist. LEXIS 172930 (S.D. Ala. Nov. 15, 2012) (report and recommendation) and its predecessors," and apply Alabama law to determine the meaning of a federal procedural statute. (Doc. 29, p. 3).

The Court declines to follow the path suggested by Veritrust and instead, finds that its analysis is best informed by this Court's prior decisions in Abrams, supra; Stabler v. Transportation Insurance Co., No. CIV.A. 06-

0237-WS-M, 2006 WL 6915489 (S.D. Ala. July 24, 2006); and Armentrout v. Atlantic Casualty Insurance Company., 731 F. Supp.2d 1249 (S.D. Ala. 2010).

In Stabler, the court rejected the plaintiff's suggestion that a garnishment action "must be classified as an ancillary proceeding under Alabama law." Stabler at *5 & n. 7 (citations omitted). While Alabama courts held that a garnishment action is an ancillary proceeding under Alabama law, the court found that federal law and not state law "controls as to whether an action is removable under 28 U.S.C. § 1441[.]" Id. at n. 7, (citing Randolph v. Emp'r Mut. Liab. Ins. Co., 260 F.2d 461, 463–464 (8th Cir.1958) ("state classification of garnishment proceedings is in no way binding on federal court's determination of whether garnishment is independent action for removal purposes"); Johnson v. Wilson, 185 F.Supp.2d 960, 963 (S.D.Ind.2002) ("rejecting Indiana state court's characterization of garnishment proceeding as ancillary as not controlling for removal analysis"). In Abrams, the court, consistent with its prior rulings, found that the insurer's removal was timely since the garnishment is a separate action for the purposes of removal. Abrams at *5. The weight of federal precedent persuades this Court that garnishment actions are separate and independent for removal purposes. See e.g., Webb v. Zurich Ins. Co., 200 F.3d 759, 760 (11th Cir. 2000) ("noting that lower court correctly denied motion to remand garnishment proceedings that 'were a separate and independent cause of action with diversity of the parties' "); and Butler v. Polk, 592 F.2d 1293, 1295 (5th Cir. 1979) ("garnishment actions against third-parties are generally construed as independent suits, at least in relation to the primary action").

In light of the foregoing, the Court rejects Plaintiffs' and Veritrust's contention that this action was untimely removed, and agrees with the findings in Abrams and Stabler that the operative commencement date of the action is the date on which the process of garnishment was filed (July 11, 2014) and not the date on which the underlying Dallas County Circuit Court proceedings began (January 17, 2012). See Abrams at *6 (citing Stabler at *5

"[T]he operative commencement date is March 27, 2006 (the date on which Stabler filed process of garnishment), not the date on which the underlying Marengo County Circuit Court proceedings began.") Because the garnishment action commenced on July 11, 2014, and Chartis Specialty removed the case on July 31, 2014, Chartis Specialty complied with the requirements set forth in §1446 and removal of the garnishment is timely.

**D.  Whether Veritrust had to consent to removal**

Finally, Plaintiffs and Veritrust seek remand of this based on the argument that removal violated the so-called "unanimity requirement" because Chartis Specialty did not receive consent from Veritrust. (Doc. 20 p. 3; Doc. 29. p. 5).

"The unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal." Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1044 (11th Cir.2001); see also Air Starter Components, Inc. v. Molina, 442 F.Supp.2d 374, 377 (S.D.Tex.2006) ("Under the unanimity rule, all properly served defendants must timely join in or consent to the removal."); Frankston v. Denniston, 376 F.Supp.2d 35, 38 (D.Mass.2005) ("As a general matter, in cases involving multiple defendants, all defendants who have been served must join or assent in the removal petition."). "Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of significant federalism concerns arising in the context of federal removal jurisdiction." Russell, 264 F.3d at 1044.[1] So ingrained is this requirement in federal removal jurisprudence that "[c]ourts now read the unanimity requirement into the statutory procedures for removal codified at 28 U.S.C. § 1446(a)." Mulder v. Wilson, 462 F.Supp.2d 1214, 1215-16 (M.D.Ala.2006).

In short, the unanimity requirement provides that "each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the 30-day period prescribed in 28 U.S.C. § 1446(b)." Leaming v. Liberty

Univ., Inc., No. CIV.A.07 0225 WS C, 2007 WL 1589542, at *2-3 (S.D. Ala. June 1, 2007) (quoting Diebel v. S.B. Trucking Co., 262 F. Supp .2d 1319, 1328 (M.D.Fla.2003) (citation omitted)); see also Loftis v. United Parcel Serv., Inc., 342 F.3d 509, 516 (6th Cir. 2003) ("all defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days" after service of summons or other paper establishing basis for removal); Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988) ("there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to" removal); McKinney v. Bd. of Trustees of Mayland Cmty. Coll., 955 F.2d 924, 928 (4th Cir. 1992) (explaining that "individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition"); Newman, 109 F.Supp.2d at 1345 (unanimity must be communicated to court within 30 days after service of initial pleading containing removable claim); Miles v. Kilgore, 928 F.Supp. 1071, 1076 (N.D. Ala. 1996) (remand is necessary "when one of the defendants fails to join in, file his own, or officially and unambiguously consent[ ] to, a removal petition within 30 days of service").

In this case however, it is clear that consent was not necessary because Veritrust's interests are much more closely aligned with those of the Plaintiffs. Cromwell v. Admiral Ins. Co., 2011 WL 2670098 (S.D. Ala. June 21, 2011) (report and recommendation), adopted 2011 WL 2689356 (S.D. Ala. July 7, 2011). The alignment of these interests between Veritrust and the Plaintiffs is discussed below.

## II. REALIGNMENT OF THE PARTIES

Also before the Court is Chartis Specialty's motion requesting that Veritrust Financial, L.L.C. be realigned as a plaintiff. (Doc. 27)

In addressing the proper alignment of the parties, the Court must consider "the principal purpose of the suit and the primary and controlling

matter in dispute." <u>Indemnity Ins. Co. of N. Am. v. First Nat. Bank at Winter Park, Fla.</u>, 351 F.2d 519, 522 (5th Cir. 1965) (<u>citing City of Indianapolis v. Chase Nat. Bank</u>, 314 U.S. 63, 72 (1965)). "It is our duty ... to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.' ... Litigation is the pursuit of practical ends, not a game of chess. Whether the necessary 'collision of interest,' ... exists, is therefore not to be determined by mechanical rules. It must be ascertained from the 'principal purpose of the suit,' ... and the 'primary and controlling matter in dispute.' " <u>City of Indianapolis</u>, at 70 (citations omitted); <u>Hamer v. N.Y. Ry.</u>, 244 U.S. 266 (1917) (parties must be realigned for diversity purposes according to their ultimate interests in the outcome of the case).

In <u>U.S. Fidelity & Guaranty Co. v. Algernon–Blair, Inc.</u>, 705 F.Supp. 1507 (M.D. Ala. 1988), the court noted that "[t]he duty of looking beyond the pleadings to determine proper alignment is a particularly difficult one for a district court to perform. In contrast to its usual approach in analyzing a motion to dismiss, the court must critically assess the substance of the alleged controversy to determine the goals and interests of each party. Given the early stage at which this must be done and the undeveloped factual field, experienced judges may well draw different conclusions from the same situation." <u>Id</u>. at 1511.

Several courts within this Circuit have addressed realignment of parties. <u>See Well v. Navigator Marine, Inc.</u>, 737 F.2d 1547 (11th Cir. 1984) (owner of second option to purchase property filed suit for declaratory judgment against first option holder and assignees of second option to declare validity of option; court realigned assignees of plaintiff's interest with plaintiff, because they had same interest in declaring invalidity of first option.); <u>Indemnity Ins.</u>, <u>supra</u> (insurer of one bank sought declaratory judgment against the issuing bank and its insured, the payor bank, to determine its duties of indemnity to payor bank on losses due to forgery in signature on request for cashier's checks; realignment granted because

insurer and insured shared interest in showing payees were fictitious, so that issuing bank bore liability for forged instruments); Fed. Ins. Co. v. Bill Harbert Constr. Co., 83 F.Supp.2d 1331 (S.D. Ala. 1999) (City Board obtained bond for performance of construction contract; court realigned insurer and insured as plaintiffs in declaratory judgment action on basis that primary issue was whether contractor or the Board caused the breach).

"Realignment is appropriate only if the interests of the realignment parties are manifestly the same." Andalusia Enter., Inc. v. Evanston Ins. Co., 487 F.Supp.2d 1290, 1296–97 (N.D. Ala. 2007). Notably, there are a few cases where an insured party brought action against its own insurer and the court realigned the parties to place the insurer on one side and the insured and the injured party on the other. See Cromwell v. Admiral Ins. Co., No. 11-0155-CG-N, 2011 WL 2670098, at *4-5 (S.D. Ala. June 21, 2011) report and recommendation adopted, No. 11-0155-CG-N, 2011 WL 2689356 (S.D. Ala. July 7, 2011); see also La Shangrila, Inc. v. Hermitage Ins. Co., 2007 WL 2330912 (M.D.Fla.2007) (realigning parties in removed case based on interests; usual alignment in declaratory judgment action is insurer against insured and injured party); Boland v. State Auto. Mut. Ins. Co., 144 F.Supp.2d 1282, 1285 (M.D.Ala.2001); Earnest v. State Farm Fire & Cas. Co., 475 F.Supp.2d 1113, 1117 (N.D.Ala.2007).

In the instant case, Plaintiffs and Veritrust insist that their interests against Chartis Specialty are not the same - the Plaintiffs want to receive money from Veritrust, with whom they have a settlement, and Veritrust wants money from Chartis Specialty to cover the cost of that settlement. (See Docs. 28, 29).

Here, it is clear that the primary issue in plaintiffs' action is whether Chartis Specialty has a duty to defend and indemnify Veritrust for the settlement. It is equally clear that Veritrust's interests are more closely aligned with the named plaintiffs in the underlying garnishment action than with Chartis Specialty. Given that Veritrust settled with the named plaintiffs

in this suit, Veritrust clearly has a substantial interest in establishing that Chartis Specialty has a duty to indemnify Veritrust for the claims herein. Likewise, the named plaintiffs also have an interest in establishing that Chartis Specialty had a duty to defend and indemnify Veritrust so as to increase the likelihood of recovery against Veritrust, who may not have sufficient funds to cover the settlement. Only Chartis Specialty has an interest in proving that it had no duty to defend and does not have to indemnify Veritrust. Thus, although Plaintiffs named Veritrust as a defendant in the original complaint, Veritrust is better situated as a plaintiff, as its interests are aligned with the other plaintiffs in this action in seeking insurance coverage.

## III. CONCLUSION

The Court finds that it has jurisdiction to hear the case. Veritrust's (Doc. 20) and Plaintiffs' (Doc. 24) motions for remand are **DENIED**. Chartis Specialty's motion to realign (Doc. 27) is **GRANTED** and Veritrust is realigned as a plaintiff in this case.

**DONE** and **ORDERED** this 30th day of April, 2015.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE